UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JOHNSON,

       Plaintiff,                            Hon. Gordon J. Quist

v.                                               Case No. 1:12 CV 1368

CORIZON CORRECTIONAL
HEALTHCARE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss for Failure to Prosecute</u>. (Dkt. #59). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action on December 14, 2012, against numerous individuals and entities asserting claims that he had been deprived of appropriate medical treatment. Plaintiff's claims have since been dismissed except those against Defendants Dr. Adam Edelman and Corizon Healthcare. On July 15, 2013, Defendants Edelman and Corizon filed a motion to compel discovery. Specifically, Defendants requested that the Court order Plaintiff to: (1) respond to certain discovery requests and (2) execute a release permitting Defendants to discover all of Plaintiff's medical records.

On October 8, 2013, the Court granted Defendants' motion. Specifically, the Court ordered Plaintiff to "provide complete responses to Interrogatories 2 and 5-11" and also "execute an

unequivocal release permitting Defendants to access his medical records." Plaintiff was ordered to comply "no later than 28 days from the date of th[e] Order." Plaintiff was also expressly warned that if he failed to "timely comply with the requirements of this Order, the undersigned will recommend that Plaintiff's remaining claims be dismissed for failure to prosecute and failure to comply with this Court's Orders." Having demonstrated that Plaintiff has failed to comply with the Court's October 8, 2013 Order, Defendants now move the Court to dismiss Plaintiff's remaining claims for failure to prosecute.

## ANALYSIS

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors leads the Court to recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's Orders. Plaintiff has failed to participate in this case since June 2013. More specifically, Plaintiff has failed to comply with the Court's October 8, 2013 Order and has declined to respond to the present motion. The Court finds that Plaintiff's conduct in this regard is willful. Moreover, Defendants' ability to defend against Plaintiff's claims is prejudiced by Plaintiff's willful refusal to prosecute this action and comply with the Court's Orders. Finally, Plaintiff was warned that the Court would recommend dismissal of this action if he failed to comply with the Court's October 8, 2013 Order. Accordingly, the undersigned recommends that Plaintiff's remaining claims be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss for Failure to Prosecute, (Dkt. #59), be **granted** and this matter **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 17, 2014         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge